IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAHAMADOU TIRERA,

    Petitioner,

v.                                                                           No. 2:26-cv-0045-MLG-SCY

HECTOR RIOS, in his capacity
as Warden of the Otero County
Processing Center, et al.;

    Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Mahamadou Tirera's Petition for Writ of Habeas Copus ("Petition") filed on January 9, 2026. Doc. 1. For the reasons stated below, the Court grants the Petition and orders Respondents to conduct a bond hearing pursuant to 8 U.S.C. § 1226.

## BACKGROUND

Tirera, a citizen of Mali, entered the United States on or about December 20, 2023. Doc. 1 at 4 ¶ 19; Doc. 5 at 1-2. He was served a Notice to Appear (NTA) by the Department of Homeland Security ("DHS") on December 22, 2023, that designated him as a noncitizen[1] who had not been admitted or paroled and placed him in removal proceedings pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), codified as 8 U.S.C. § 1182(a)(6)(A)(i). Doc. 5 at 2; Doc. 5-2 at 1. Tirera was released by DHS on his own recognizance. Doc. 5 at 2; Doc. 5-3. He filed an application for asylum on December 3, 2024, and received work authorization for July 29,

---

[1] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

2025, to July 28, 2030. Doc. 1 at 5 ¶ 23; Doc. 5 at 2. Tirera has no criminal record. Doc. 1 at 4 ¶ 22.

On November 13, 2025, DHS arrested Tirera in New York on the grounds that he is a noncitizen who is "removable from the United States" in accordance with the 2023 removal proceedings. Doc. 5 at 2; Doc. 5-4. Tirera was transferred to the Otero County Processing Center in New Mexico on November 25, 2025. Doc. 5 at 2. On December 16, 2025, Immigration Judge ("IJ") Brock Taylor denied Tirera's request for a bond hearing on jurisdictional grounds. Doc. 1 at 5 ¶ 26; Doc. 5 at 2; Doc. 5-7 at 1.

Tirera filed the instant Petition requesting the Court immediately release him or, in the alternative, order an individualized bond hearing before an immigration judge. Doc. 1 at 25. Tirera asserts Respondents are violating the INA by unlawfully detaining him pursuant to 8 U.S.C. § 1225(b)(2)(A). He argues his custody is instead governed by 8 U.S.C. § 1226(a), entitling him to bond hearing before an IJ where the government bears the burden of proving dangerousness or flight risk. Doc. 1 at 20 ¶ 85, 24 ¶ 96.[2] On January 13, 2026, the Court entered an Order for Service and to Show Cause. Rather than filing a Response to the Petition, Respondents filed a motion to dismiss in which they assert the Court lacks subject matter judication, they have not violated

---

[2] Tirera also claims his "prolonged detention" under § 1225(b) without an individualized assessment for the need for detention violates the Fifth Amendment's Due Process Clause. Doc. 1 at 8-12. The Court notes Tirera has been detained for three months, and an order of removal has not been entered in his case. Doc. 5 at 2, 15. Tirera also asserts that he is entitled to a bond hearing as a member of the Bond Eligible Class in *Maldonado Bautista et.al. v. Santacruz et.al. See* No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025); Doc. 1 at 8 ¶ 33, 12 ¶ 51. Since the Court finds § 1226 governs Tirera's detention, the Court declines to consider these claims as Tirera is entitled to consideration for release on bond—the same relief requested as a putative member of the *Bautista* class. *Id.* at 8 ¶ 33, 12 ¶ 51, 25.

Tirera's due process rights, and Tirera failed to exhaust his administrative remedies. Doc. 5. Tirera filed a reply in support of the Petition on February 1, 2026. Doc. 7.

## DISCUSSION

### I.    The Court has jurisdiction to consider Tirera's Petition.

This Court is authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)). Respondents assert three provisions of 8 U.S.C. § 1252 divest the Court of jurisdiction to consider the Petition. Doc. 5 at 3-8. The Court rejects these arguments and addresses each provision in turn.

### A.    8 U.S.C. § 1252(e)(3)

Respondents assert § 1252(e) deprives the Court of jurisdiction because this section limits judicial review of Tirera's challenge to his detention under § 1225(b)(2)(A) to only the District Court for the District of Columbia. Doc. 5 at 3 (citing § 1252(e)(3)). The plain language of the statute instructs otherwise. Section 1252(e)(3), titled "Challenges on validity of the system," states:

> Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, **but shall be limited to determinations of**—
>
> (i) whether such section, or any regulation issued to implement such section, is constitutional; or
> (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

3

§ 1252(e)(3)(A) (emphasis added). Tirera does not raise any systemic challenges, nor the validity of the statutory scheme itself. He instead challenges the lawfulness of his individual detention without a bond hearing. Tirera asserts Respondents lack authority to detain him under § 1225(b)'s mandatory detention scheme because his detention is governed by § 1226(a). Doc. 1 at 20 ¶ 85, 24 ¶ 96; Doc. 7 at 2-7. Section 1252(e)(3) therefore does not deprive the Court of jurisdiction.

B.    8 U.S.C. § 1252(g)

Section 1252(g) precludes judicial review of "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents assert DHS's decision to commence removal proceedings, "including the decision to detain an alien pending such removal proceedings, squarely falls within this jurisdictional bar." Doc. 5 at 4. The Supreme Court, however, has ruled that the scope of § 1252(g) is narrow and only applied "to review of cases 'arising from' decisions 'to commence proceedings, adjudicate cases, or execute removal orders.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (quoting § 1252(g)). The Supreme Court further explained, "We have previously rejected as 'implausible' the Government's suggestion that § 1252(g) covers 'all claims arising from deportation proceedings' or imposes 'a general jurisdictional limitation.'" *Id.* (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (reading the language in § 1252(g) to "refer to just those three specific actions themselves.")

The Petition before the Court in this case does not fall into the three narrow categories listed in § 1252(g). Tirera "is not challenging the discretionary decision to commence

4

proceeding[s] or the process by which his removability will be adjudicated." Doc. 7 at 3. His petition instead presents "the legal question of whether his is subject to mandatory detention under Section 1225(b)(2)(A) or detention under Section 1226(a)." *Id.* The Court therefore retains jurisdiction as Tirera is challenging which statutory provision governs his present confinement. *See also Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at *3 (D. Colo. Oct. 17, 2025) (ruling § 1252(g) did not deprive the court of jurisdiction to decide whether the petitioner's detention under § 1225(b) violated the INA and whether he was entitled to a bond hearing under § 1226); *Jimenez Chacon v. Lyons*, No. 2:25-cv-977-DHU-KBM, 2025 WL 3496702, at *4 (D.N.M. Dec. 4, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *2 (W.D. Okla. Feb. 5, 2026); *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at **1–2 (D.N.M. Feb. 11, 2026).

### C.   8 U.S.C. § 1252(b)

Finally, Respondents argue § 1252(b)(9) serves as a jurisdictional bar. But that provision does not support their argument. Doc. 5 at 5-8. Section 1252(b)(9) provides that "judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove [a noncitizen] from the United States . . . shall be available only in judicial review of a final order under this section." Contrary to Respondents' assertions, this "zipper clause" is not interpreted broadly so as to "'cut off claims that have a tangential relationship with pending removal proceedings.'" *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023) (quoting *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1257 (11th Cir. 2020)). "A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings." *Id.*

Additionally, in *Jennings v. Rodriguez*, the Supreme Court held § 1252(b)(9) did not bar its review of "questions of law" regarding whether "certain statutory provisions require detention without a bond hearing." 582 U.S. at 292. In reaching this conclusion, the Supreme Court explained that "the applicability of § 1252(b)(9) turns on whether the legal questions that we must decide 'aris[e] from' the actions taken to remove these aliens." *Id.* at 293. The Supreme Court rejected the "expansive interpretation of § 1252(b)(9)" in which cases considered "arising from" removal proceedings would include "actions taken to remove the aliens in the sense that the aliens' injuries would never have occurred if they had not been placed in detention." *Id.*

Tirera is not challenging review of an order of removal or any part of the process in which his removability will be determined. *See* Doc. 7 at 3. Accordingly, § 1252(b)(9) does not divest the Court of jurisdiction.³

## II. Tirera is excused from exhausting his administrative remedies due to futility.

Respondents additionally assert dismissal is warranted because Tirera failed to exhaust his administrative remedies by appealing the IJ's order denying a bond hearing to the Bureau of Immigration Affairs ("BIA"). Doc. 5 at 15-17. The "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." *Cantrall v. Chester*, 454 F. App'x 679, 681 (10th Cir. 2012) (citation modified) (internal quotation marks omitted) (quoting *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)). "The Tenth Circuit has recognized a 'narrow exception to the exhaustion requirement' where 'a petitioner can demonstrate that exhaustion is futile.'" *Pu*

---

³ Decisional authority from other jurisdictions accords with this Court's ruling. *See e.g. Nava Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025) (describing Respondents' argument that § 1252(b)(9) poses a jurisdictional bar as "borderline frivolous").

6

*Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432, at *2 (D.N.M. Nov. 14, 2025) (quoting *Garza*, 596 F.3d at 1203–04).

Tirera argues he is not required to exhaust his administrative remedies due to the BIA's opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Doc. 7 at 8. In September of 2025, the BIA affirmed that IJs do "not have authority over the bond request because aliens who are present in the United States without admission are applicants for admission as defined under Section 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." *Hurtado*, 29 I&N Dec. at 220. Here, Respondents assert Tirera is being legally detained pursuant to § 1225(b)(2)(A). Doc. 5 at 3, 13. Requiring Tirera to appeal the IJ's order would be pointless because the BIA has already found IJs lack authority to grant bond to noncitizens like Tirera. *See Hurtado*, 29 I&N Dec. at 220. The Court therefore declines to require this kind of futile exhaustion. *See Pu Sacvin*, 2025 WL 3187432, at *2 (finding exhaustion did not bar a petitioner's claims because the *Hurtado* decision renders "any attempt to seek relief directly from the agency futile"); *see also McCarthy v. Madigan*, 503 U.S. 140, 148 (1992) (stating that administrative remedies may be inadequate if the administrative body has predetermined the issue), *superseded by statute on other grounds*.

### III.  Tirera's detention is governed by § 1226.

The dispositive question presented by the Petition is whether Tirera is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[4] or whether he is subject to the mandatory detention

---

[4] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

provisions provided for in § 1225(b)(2).[5] This Court has been presented with this same issue as applied to similarly situated defendants, and, as in those cases, the Court hereby finds § 1226(a) governs Tirera's detention.[6] *See Cortez-Gonzalez v. Noem*, No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *4 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *3-4 (D.N.M. Dec. 17, 2025). The Court's application of § 1226(a) comports with nearly every other court that has addressed the matter. *See, e.g., Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin*, 2025 WL 3187432, at ** 2-3; *see also Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases).

## CONCLUSION

Accordingly, the Court hereby grants Tirera's alternate request by ordering Respondents to provide Tirera with an individualized bond hearing pursuant to § 1226 within seven (7) days of

---

[5] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[6] "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693 ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Tirera is entitled—as a right—to an individualized bond hearing. *See Salazar*, 2025 WL 2676729, at *5; *Pu Sacvin*, 2025 WL 3187432, at *3. Tirera's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the INA and his right to due process under the Fifth Amendment to the U.S. Constitution. *See Salazar*, 2025 WL 2676729, at *5; *Pu Sacvin*, 2025 WL 3187432, at *3.

this Order's filing. Doc. 1 at 25; Doc. 7 at 4-7. At the bond hearing, Respondents shall bear the burden of justifying Tirera's continued detention by clear and convincing evidence.[7]

Respondents are further ordered to file a status report within ten (10) days of this Order to certify compliance. The status report shall include when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial. If Tirera has not received a lawful bond hearing within seven days, this Court may order his immediate release.

Respondents are enjoined from transferring Tirera to any facility outside the District of New Mexico during the pendency of this habeas action. Until further Order is issued by the Court, the Court retains jurisdiction to enforce and modify this Order as appropriate.

Additionally, Tirera's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 25; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). While Tirera was initially proceeding pro se,

---

[7] Respondents assert that if the Court orders a bond hearing, shifting the evidentiary burden is not warranted. Doc. 5 at 24-26. The Court finds these arguments unpersuasive. *See Gonzales Ramos*, 2025 WL 3653928, at * 5 n.8. "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436. Tirera's strong private interest in being free from detention, the smaller risk of erroneous deprivation by shifting the burden to Respondents, and the minimal burden for Respondents to carry the burden of proof weigh in favor of shifting the burden of proof to Respondents. *See Lopez-Romero v. Lyons*, No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at **6–7 (D.N.M. Jan. 13, 2026) (finding the factors set forth in *Matthews v. Eldridge,* 424 U.S. 319, 335 (1976), balance in favor of shifting the burden to the government to demonstrate by clear and convincing evidence that the petitioner does not pose a flight risk or danger to the community).

9

his counsel entered an appearance on January 28, 2026. Doc. 6. "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Tirera must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.[8]

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[8] The Court intends to enter a final judgment following receipt of Respondents' status report regarding the bond hearing pursuant to § 1226(a).